**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| GREGORY HARLEY<br>411 Quarry Avenue<br>Capitol Heights, MD 20743<br>(301) 499-3169<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS TELECOM, INC.<br>One Verizon Way<br>Basking Ridge, NJ 07920<br><br>　　　<u>Serve</u><br>　　　CT Corporation System<br>　　　1015 15th Street, NW<br>　　　Suite 1000<br>　　　Washington, D.C. 20005,<br><br>　　　　　Defendant. | Case: 1:20-cv-00857   JURY DEMAND<br>Assigned To : Nichols, Carl J.<br>Assign. Date : 3/27/2020<br>Description: PRO SE GEN CIV (F-DECK) |

### COMPLAINT AND DEMAND FOR JURY TRIAL
### (for Wrongful Termination and Discrimination in Violation of the Americans with Disabilities Act)

### NATURE OF THE ACTION

1. This is an action to seek redress for wrongful termination and unlawful discrimination on the basis of disability.

2. The Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, expressly prohibits discrimination in employment on the basis of disability, and prohibits employers from denying qualified individuals from employment because they have disabilities, such as the disability possessed by Plaintiff. *See* 42 U.S.C. §§ 12112.

3. Plaintiff brings this action against Verizon Wireless Telecom, Inc. ("Verizon") for wrongful termination and discrimination based on disability, in violation of the Americans with Disabilities Act.

## PARTIES

4. Plaintiff Gregory Harley is an adult resident of Capitol Heights, Maryland and a citizen of the United States.

5. Defendant Verizon is an American multinational telecommunications conglomerate, based in New Jersey, that does business in Washington D.C. Defendant is an employer covered under the Americans with Disabilities Act.

## JURISDICTION AND VENUE

6. This action arises under the laws of the United States, and, therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

7. On April 26, 2017, Gregory Harley timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against Verizon for discrimination in employment. On December 27, 2019, the EEOC issued Gregory Harley a Notice of Right to Sue Verizon for violation of the Americans with Disabilities Act.

8. This Court has personal jurisdiction over Verizon under D.C. Code §§ 13-334, 13-423, and 11-943, as well as Federal Rules of Civil Procedure 4(k)(1)(B) and 19. Verizon regularly transacts business in Washington, D.C. Moreover, Plaintiff's claims arise out of Verizon's wrongful termination and discrimination against Gregory Harley, based on disability in violation of the Americans with Disabilities Act.

9. Venue in this Court is proper under 28 U.S.C. §1391. Verizon, which has a location and conducts business in Washington, D.C., has engaged in unlawful discriminatory conduct by wrongfully terminating Gregory Harley, based on a

disability, in Washington, D.C.  Thus, "a substantial part of the events or omissions giving rise to the claim occurred" within this jurisdiction.

## FACTUAL ALLEGATIONS

10.     Plaintiff Gregory Harley served as a Service Technician for Verizon. His duties included: installing, repairing, and trouble-shooting telephony equipment and installing FIOS in residential and commercial buildings.

11.     Plaintiff was hired on October 13, 1997 and worked 40 hours plus overtime, depending on the complexity of the job.

12.     Plaintiff spent his working day at different locations on service calls, but worked out of the garage located at 980 V Street, N.E., Washington, D.C. 20018.

13.     Plaintiff was terminated on April 4, 2017.

14.     During Plaintiff's employment, he was a member of the Communication Workers of America, Local 2336.  He never ran for or held office in the Union.

15.     Plaintiff suffered a series of injuries while he was employed with Verizon.

16.     In 2013, Plaintiff injured his left knee on the job on a telephone pole and had surgery on his left knee on November 7, 2013

17.     In 2014, Plaintiff injured his left shoulder and had surgery on his left shoulder on February 18, 2015.

18.     On December 5, 2015, Plaintiff was injured on the job. The injury was a torn rotator cuff in his right shoulder and another part of his arm that required surgery.  As a result, Verizon gave him a temporary inside, light-duty assignment, which began sometime in January 2016 and ended on April 12, 2016.

- 4 -

19. On April 13, 2016, Plaintiff went on strike with the other Verizon union workers. The strike ended sometime around June 1, 2016.

20. Plaintiff could not return to work, because he had not had surgery for his on-the-job injury. He needed to continue with light duty, but his light-duty assignment ended in April and Verizon required him to go back to regular status. As a result, he was forced to go on short-term disability.

21. Plaintiff had surgery for his on-job injury on June 16, 2016. After surgery, he remained on non-paid, short-term disability as he recovered and went through physical therapy.

22. On November 28, 2016, Plaintiff received an email from Michael Dean, a Verizon representative, notifying him that Verizon had identified a position that accommodated his restrictions. Mr. Dean informed Plaintiff that he was not test-qualified for the position, so he would need to take tests for "Rep Evaluator" and "Sales and Service Structured Int." Verizon requires employees to take tests for these positions, and Plaintiff would need to take the required tests for the identified positions.

23. On December 6, 2016, Plaintiff took the tests that Mr. Dean mentioned in the email. After the tests, Plaintiff went to the Union hall and filed a grievance, because he did not believe that Verizon was providing him with a reasonable accommodation. He gave his grievance to Terry Williams, the Local President. Plaintiff asserts there are employees who are not injured who do office work and help out in the garage and believes Verizon should have placed him in one of those positions.

24. Verizon had no justification or business necessity that precluded them from providing Plaintiff with a reasonable accommodation such as, but not limited to, a position in the garage doing office work that did not require a test.

25. Prior to filing the grievance, Plaintiff had no contact or communication with Terry Williams during his employment, nor had he any disagreements or arguments with any shop stewards or other representatives of the Union.

26. After filing the grievance, Plaintiff was still on temporary disability. He was never notified whether he passed the test and/or got the position for which the test was required.

27. In January 2017, Plaintiff had not heard anything from Verizon regarding the test and/or position, so he called Candice Brown in Human Resources on the workplace accommodation team. Ms. Brown informed him that she has nothing to do with the test and was only involved with his status. Ms. Brown informed him that he used his 150 days of light duty and that his seven-month time period, which is the time Verizon gives to employees for accidents, would expire on April 4, 2017 and at that time he would be terminated. She also informed him that Michael Dean was no longer with the company. Subsequent to that conversation, Plaintiff called Ms. Brown approximately once per month to get updates on his situation. The conversations were always short and she never had any updates about his situation.

28. By March 2017, Plaintiff had not heard from anyone from the Union about his grievance, so he went to the Union hall to inquire. Still, no one knew anything about the status of his grievance.

29. On April 4, 2017, Plaintiff was terminated by Verizon. Verizon sent him a letter regarding his termination.

30. Verizon terminated Plaintiff without making a *bona fide* effort to reasonably accommodate him.

31. On April 26, 2017, Plaintiff filed a charge with the EEOC.

32. On May 4, 2017, Plaintiff went to the Union hall and filed a second grievance, concerning his termination. He asserts that Verizon had not provided him with a reasonable accommodation and that Verizon has provided reasonable accommodation to other employees who were out due to injuries for longer periods of time than the Plaintiff. This time, Plaintiff sat with Terry Williams while he emailed a copy of the second grievance to Plaintiff's supervisor, Kevin Carter.

33. Verizon did not offer Plaintiff any other positions or identify any other opportunities for him at Verizon, including any positions that did not require a test.

34. Verizon terminated and disqualified Plaintiff, solely, on the basis of his injury and disability status.

35. On December 27, 2019, the EEOC issued Plaintiff a Notice of Right to Sue Verizon. (See attached Dismissal and Notice of Rights, mailed December 27, 2019)

**CLAIM FOR RELIEF**
**Violation of the Americans with Disabilities Act**
(against Defendant Verizon)

36. The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees,

employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

38. Because Plaintiff's on-the-job injury, substantially, limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability and part of a protected class under the ADA.

38. Plaintiff was fully qualified and able to perform all the essential functions of the position he was initially, temporarily assigned, as well as other positions, including, non-testing positions, for which he was not considered for by Verizon. Plaintiff's exclusion from consideration for these positions by Verizon was not reasonable, nor required by business necessity, and was a violation of the ADA.

39. Verizon terminated and disqualified Plaintiff from employment, solely, because Plaintiff had an on-job injury that caused a disability.

40. Verizon's termination and disqualification of Plaintiff on the basis of his disability violated the ADA.

41. As a result of Verizon's actions, Gregory Harley has suffered and will continue to suffer both economic and non-economic harm.

42. Verizon's failure and/or refusal to reasonably accommodate Plaintiff's disability violated Plaintiff's employment and caused his wrongful termination by Verizon.

43. Verizon's failure and/or refusal to comply with the requirements of the ADA and accommodate Plaintiff's disability violated Plaintiff's right to employment.

## REQUEST FOR RELIEF

44. WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

   a. Declaratory relief, including but not limited to a declaration that Defendant Verizon discriminates against individuals with disabilities in violation of the Americans with Disabilities Act;

   b. Appropriate injunctive relief, including, but not limited to, reinstatement of Gregory Harley's position with Verizon and an order restraining Verizon from engaging in further discriminatory conduct of the types alleged in this Complaint;

   c. Back pay in an amount in excess of $500,000;

   d. In the event reinstatement is not granted, front pay in excess of $500,000;

   e. Compensatory and consequential damages, including for emotional distress against defendant Verizon in excess of $500,000;

   f. Punitive damages against defendant Verizon in excess of $500,000;

   g. Pre-judgment and post-judgment interest at the highest lawful rate;

   h. Attorneys' fees and costs of this action; and

   i. Any such further relief as the Court deems appropriate.

## JURY DEMAND

45. Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

- 9 -

Respectfully submitted,

*Gregory Harley*
Gregory Harley
411 Quarry Avenue
Capitol Heights, MD  20743
(301) 499-3169
g_harley@msn.com

*Pro Se*